Your Honor, since Mr. Morris and I briefed this, while we were briefing it, we received the – I'm sorry. I'm Paul Eaglin, appearing for Adriana Reid-Goss. I'm from Fairbanks. Thank you for hearing her case. While we were briefing, we received the order to address whether it's a final appealable order. As you see in the pattern of this, there were – I pleaded two claims. There were two decisions, the 2001 decision, which was by Judge Batiste, and then a 2004 decision, the merits decision, which is now the subject of an appeal at 0735477, I believe, is the number for that one. Well, under Anderson v. Allstate, you've – we now have jurisdictions. Okay. Thank you. I don't think that's a troubling issue anymore. All right. Well, I'd like to proceed, then, to the – I think you don't need to worry about that, unless counsel can some way distinguish Anderson against Allstate. I think you've got jurisdictions here, so you might lay the burden on him. Okay. Thank you. Well, it's – as I indicated in the briefing, the heart of Ms. Reid-Goss' claim is that upon appealing to the appeals counsel from the second decision, which was by Judge Adams, the 2004 decision, she received responses three times from the appeals counsel indicating and acknowledging her appeal of the second decision, which was adverse to her. It indicated that the decision – or the appeals counsel would also review or would review the 2001 decision. There's only one 2001 decision. That's by Judge Batiste. Three times it said that over the course of more than three years. Our position, and what I'm arguing on her behalf, is that the appeals counsel indicated that it was taking review. It then claimed error later. Our position is that it – that denial of review puts jurisdictions sufficiently in court, and that the matter should have been submitted on the merits. The government should have been required to submit an administrative record so that we could then review the 2001 decision as well, because the appeals counsel said that it was going to do that. Well, there was a statement in there. But how do you – how do you handle this statement by the administrative appeals judge? In the record numbered someplace around here. At least, it's in the record. The letter inadvertently indicates the date for the hearing decision rendered May 24, 2001, which was in the prior application, then goes on to say that that was merely a mistake and it's – the appeals counsel is precluded from reopening the decision. Haven't they made it crystal clear that they never opened it for the merits? There was an inadvertent decision, which they have made crystal clear to your client. Why would we say, no, you're not telling the truth? You really opened that for the merits of 2001, and you're not telling the truth that that was just a typographical error? We're saying that, Your Honor, because we're saying that because they indicated to her three times that they were reviewing the 2001 decision, even though they said later on that was a mistake, you know, we're sorry, we meant the 2004 decision. They said that three times. Their own internal documents for making decisions, the HALAC, as it's called, indicates that it does have authority, it did have authority over the 2001 decision. Why? Because the 2001 decision was properly before the appeals counsel upon appeal of the 2004 decision. Both decisions were there. It had – it had it before it. And that's our reason for saying that by indicating it was reviewing it, that reopened it. Are you arguing estoppel, that the government wants, even though it's a typographical error, they're estopped to deny that it's a typographical error, and the 2001 is – is – they're bound by that, that it's open on the merits? I'm – that is the type of argument that I am making, is that … I understand that. And the problem is that we have some very strict language in our cases about what you have to demonstrate to get the government bound by estoppel, which don't exist in this case. That's why I was wondering whether you're going towards estoppel. No. I'm saying that the government was very explicit in saying what it was going to review. It said three times the 2001 decision. I understand. But – but then they say, no, that's a typographical error. Right. You're saying you're bound by what you claim is a typographical error, which sounds like estoppel. But the estoppel cases are very strong, estoppel against the government. And I don't see where you've, in your brief, have been able to overcome that heavy burden or even attempted to. Right. Your Honor, the best that I could do is what I indicated there in arguing that the – by indicating what it was going to review, and because it had authority based on its own internal decision-making documents, the HALEX, that it had, in fact, given notice that that was what it was going to review and that the case was properly reported. It should have decided it. That's our position. Thank you. Okay. Thank you. We'll hear from the government. May it please the Court. Richard Morris on behalf of the Commissioner of Social Security. Your Honors, this is an unusual case, as far as Social Security cases go, because of the way it's split in half, and – Let me start off. Do you agree we have jurisdiction? Commissioner agrees. We are not contesting that there is a final appeal order. Okay. That issue is moot. On the issue of reopening, I would just like to point out the three methods in which a case, in fact, can be reopened explicitly by the Commissioner, implicitly by some review of the record, or a constitutional – a colorable constitutional claim. And the Commissioner submits that none of those criteria are met in this case. Ms. Reed-Goss is characterizing those three appeals council letters as indicating that they have accepted review and reopened. They do not, in fact, do that. They're contained at Excerpts of Record 25, 29, and 33, and you can see they're just standard letters, recognizing that the claimant has asked for something, additional time to respond, a copy of the hearing tape, and such. Those do not clearly indicate that any case is reopened. The decision of reopening was made in the April 2006 letter from the appeals council, which you just referred to, which clearly states it was a mistake in correspondence that was not meant to be reopened. Secondly, and I think very significantly, is that the conditions for reopening were not, in fact, met, and the appeals council did state that in their April 2006 letter. 20 CFR 404.987 to 989 in the comparable SSI regulation state that claims can be reopened for three reasons, within one year for any reason, within four years for Social Security claims, and two years for SSI for a good cause, and the appeals council noted there that both of these initial decisions were beyond the four and two year limits, so they couldn't even look at the good cause issue, which primarily has to do with new and material evidence. Initial claims can be reopened for any reason for fraud and various other matters which are identified there, and none of those are really at issue in this case. So it's our position that there was no explicit reopening, that the conditions for reopening were, in fact, not met. The second implicit reopening also does not apply. The lead case in the Ninth Circuit is the Lewis case, and I think it's significant that Ms. Reed-Goss' first claim, the final decision in 2001, had an earlier onset date, April of 2000. Her second claim, which went forward on the merits, had an onset date of October of 2001, and Lewis stood for the proposition that an administrative law judge reviewed records from the prior period, but also accepted the earlier onset date. That was not the case here. And lastly, Ms. Reed-Goss has not established any colorable constitutional claim. I believe that has been addressed. There's been no due process violation or notice, and I don't believe there's any issues involved with that. In conclusion, the decision to reopen was the April 2006 letter by the Appeals Council, who did not reopen. And under case law in Sanders and Odd, that decision is not a final appeal decision subject to court review. We therefore ask that this court affirm the district court's partial dismissal of that claim. Are there any questions, Your Honors? I don't see any. Thank you. Okay. Thank you. That matter will be submitted, and that ends our session for today, and our calendar here in Alaska. Thank you very much. All rise. This session for the United States Court of Appeals now closed. Well, he's alive. That's true. He's alive.
judges: Wallace, Noonan, Paez